IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

HEATHER YOST, )
)
        Plaintiff, )
)
vs. ) Case No. CIV-14-725-D
)
SHELTER MUTUAL INSURANCE )
COMPANY, )
)
        Defendant. )

**O R D E R**

Before the Court is Defendant Shelter Mutual Insurance Company's Motion for Summary Judgment [Doc. No. 12], filed pursuant to Fed. R. Civ. P. 56. Plaintiff Heather Yost has timely opposed the Motion, which is fully briefed.

Plaintiff filed this action in state court asserting claims under Oklahoma law for breach of contract and breach of the insurer's duty of good faith and fair dealing. The claims relate to a homeowner's insurance policy, or dwelling policy, issued by Defendant; damage to Plaintiff's residence from an incident involving a neighbor on April 11, 2013; and Defendant's partial denial of the claim on April 12, 2013. Defendant timely removed the case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332(a).

By the Motion, Defendant seeks summary judgment in its favor on the grounds that Plaintiff's insurance claim was properly adjusted and so it has no contractual or tort liability. Alternatively, Defendant seeks partial summary judgment on Plaintiff's bad faith claim on the ground that a reasonable and legitimate coverage dispute exists.

## Standard of Decision

Summary judgment is proper "if the movant shows there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for either party. *Id*. at 255. All facts and reasonable inferences must be viewed in the light most favorable to the nonmoving party. *Id*. If a party who would bear the burden of proof at trial lacks sufficient evidence on an essential element of a claim, then all other factual issues concerning the claim become immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant bears the initial burden of demonstrating the absence of a dispute of material fact warranting summary judgment. *Celotex*, 477 U.S. at 322-23. If the movant carries this burden, the nonmovant must then go beyond the pleadings and "set forth specific facts" that would be admissible in evidence and that show a genuine issue for trial. *See Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324; *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at 671; *see also* Fed. R. Civ. P. 56(c)(1)(A). "The court need consider only the cited materials, but may consider other materials in the record." *See* Fed. R. Civ. P. 56(c)(3); *see also Adler*, 144 F.3d at 672. The Court's inquiry is whether the facts and

evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

**Undisputed Facts**

Plaintiff purchased a dwelling policy from Defendant to cover a home occupied by her family, including her husband, Cory Pfenning. The policy covered "accidental direct physical loss" to the insured dwelling caused by specified perils, which under endorsements included theft and vandalism. *See* Def.'s Mot. Summ. J., Ex. 1 [Doc. No. 12-1], p.7 (ECF numbering). The policy defines "vandalism" as follows:

> Vandalism means the willful damaging, defacing, or destruction, of property.
> It does not include:
> (a)    the willful damaging, defacing, or destruction, of property by, or at the direction of:
> (1) any insured;
> (2) the spouse of any insured;
> (3) the child of any insured;
> (4) an individual who originally took possession of any part of the described premises with the permission of any insured;
> (b)    the theft of any property; or
> (c)    the damaging, defacing, or destruction, of property by thieves.

*Id.*, p.9 (emphasis omitted).

Shortly after midnight on April 11, 2013, Plaintiff and Mr. Pfenning were awakened by a banging noise on an exterior garage door of the home. Mr. Pfenning armed himself with a handgun and went to investigate. Standing in the kitchen, which adjoined the garage, he continued to hear banging noises. A naked man then entered the kitchen from the garage.

3

Mr. Pfenning did not recognize the intruder, and gave verbal commands for the man to get down. When the intruder continued toward him, Mr. Pfenning fired six shots and fatally wounded the man. It was later determined that the intruder was a neighbor, believed to be mentally ill.

Plaintiff made an insurance claim the same day for damage to her home. There was damage to exterior doors through which the intruder gained entry into the residence. Interior damage was caused by bullets that exited the man's body and by blood and bodily fluids. Defendant's adjuster determined that the policy covered the exterior damage under the vandalism peril provision, but the value of this loss was less than the deductible of $1,000.00. The adjuster determined the interior damage was not caused by a peril listed in the policy.

## Discussion

### A. Breach of Contract

The coverage question presented is whether the interior damage to Plaintiff's home as a result of the April 2013 incident was caused by a covered peril. Defendant contends the exterior damage caused by vandalism committed by the neighbor through forced entry into the residence, is separate and divisible from the interior damage caused by Mr. Pfenning's conduct of firing a weapon inside the home. Plaintiff contends the coverage question cannot be resolved as a matter of law because the "efficient proximate cause" doctrine of Oklahoma insurance law applies. She argues that the intruder's act of vandalism was "the dominant or efficient cause" that set in motion subsequent events, while Mr. Pfenning's lawful conduct

4

of protecting the home from further damage (as allegedly required by the policy) and preventing theft or injury to the residents was merely a concurrent or dependent cause of the interior damage.

Oklahoma has adopted the efficient proximate cause doctrine. *See Shirey v. Tri-State Ins. Co.*, 274 P.2d 386, 388-89 (Okla. 1954). In *Shirey*, the Oklahoma Supreme Court addressed an insurance coverage dispute involving damage to an automobile during a windstorm. The policy covered losses caused by a windstorm but excluded losses caused by "collision or upset." *See id.* at 387. The damage to the car was caused by its upset into a ditch after it was blown by a strong wind across an icy road. Rejecting the insurer's argument that the exclusion precluded coverage, the court determined that "the insured may recover if the windstorm was the efficient and proximate cause of the damages to the property insured, and it is immaterial that the damage may have been incidentally and indirectly contributed to by other causes expressly excluded from coverage." *Id*. at 388. *Shirey* has been cited for the following rule, which was quoted from another source: "In determining the cause of a loss for the purpose of fixing insurance liability, when evidence of concurring causes of the damage appears, the proximate cause to which the loss is to be attributed is the dominant, the efficient one that sets the other causes in operation; and causes which are incidental are not proximate, though they may be nearer in time and place to the loss." *Id*. at 389 (internal quotation omitted); *see Duensing v. State Farm Fire & Cas. Co.*,

131 P.3d 127, 133 (Okla. Civ. App. 2005); *see also Mid-Continent Cas. Co. v. Union Ins. Co.* 445 F. App'x 133, 137 (10th Cir. 2011).

The efficient proximate cause doctrine applies in situations where multiple causes contribute to a single loss. *See Shirey*, 274 P.2d at 388; *see also Kelly v. Farmers Ins. Co.*, 281 F. Supp. 2d 1290, 1296-97 (W.D. Okla. 2003). Defendant contends the doctrine does not apply in this case because Plaintiff suffered separate losses, exterior damage caused by a covered peril (vandalism) and interior damage caused by the shooting, which does not fall within any covered peril. According to Defendant, "there is no reason to label one cause or the other as the dominant or efficient one because each cause brought about a completely different harm. The doctrine is not necessary in this case because each separate area of damage (interior and exterior) can and must be assessed based on whether 'that loss is caused by a peril listed in the policy.'" *See* Def.'s Reply Br. [Doc. No. 16], p.7 (quoting the coverage provision of the policy).

The Court is not persuaded that the two areas of damage to Plaintiff's residence occurring as a result of an intruder's forced entry into the house and a resident's response to the intrusion must necessarily by viewed as separate and divisible losses, as argued by Defendant. The legal authorities on which Defendant relies are unhelpful or factually distinguishable. For example, in *Dixson Produce, LLC v. National Fire Ins. Co.*, 99 P.3d 725 (Okla. Civ. App. 2004), tornado damage in the area of a retail store caused an interruption in electric service for several hours resulting in food spoilage, and the store remained closed

6

for two days as a result of general chaos in the community rather than storm damage. In affirming a summary judgment for the insurer, the court of appeals in its discussion noted a factual distinction between produce that spoiled due to a lack of electricity and spoilage that occurred during the following days and weeks of slow business sales. *See id*. at 728-29. In *Spears v. Shelter Mutual Insurance Co*., 73 P.3d 865 (Okla. 2003), a specified perils policy covered damage to electrical wiring of a 60-year-old house from a lightning strike, but a complete rewiring of the residence to meet modern construction costs was determined to be a loss plainly excluded by an "ordinance or law" provision of the policy. *See id.* at 868-69.

In contrast, Defendant concedes in this case that an act of vandalism occurred when an intruder forcibly entered Plaintiff's residence. Viewing the facts in the light most favorable to Plaintiff, as required by Rule 56, a trier of fact might reasonably find that the shooting of the vandal moments later was incidental to the intrusion rather than a distinct and separate event. In the Court's view, a reasonable jury could find that two temporally related events – vandalism by an intruder and an occupant's defense of the intrusion – contributed to a single direct physical loss or damage to the insured property. Thus, the Court finds that the efficient proximate cause doctrine might properly be applied in this case. The Court further finds that the question of whether the act of vandalism was the efficient proximate cause of damage that occurred during Mr. Pfenning's encounter with the vandal is properly reserved for decision by a jury. *See Shirey*, 274 P.2d at 389; *Kelly*, 281 F. Supp. 2d at 1298.

For these reasons, the Court finds that a genuine dispute of material fact precludes summary judgment on Plaintiff's breach of contract claim.

B.  **Insurer's Bad Faith**

If the Court denies summary judgment on the issue of coverage, Defendant alternatively contends that Plaintiff cannot prevail on her bad faith claim because the undisputed facts show the existence of a legitimate coverage dispute. *See Gov't Employees Ins. Co. v. Quine*, 264 P.3d 1245, 1249 (Okla. 2011) (recognizing as well-established "an insurer's right to resist payment or resort to a judicial forum to resolve a legitimate dispute"); *see also Brown v. Patel*, 157 P.3d 117, 126-27 (Okla. 2007)*; Skinner v. John Deere Ins. Co.*, 998 P.2d 1219, 1223 (Okla. 2000). In reaching its coverage position, however, "the insurer must conduct an investigation reasonably appropriate under the circumstances." *See Buzzard v. Farmers Ins. Co.*, Inc. 824 P.2d 1105, 1109 (Okla. 1991). In this case, Plaintiff's bad faith claim is based on an allegation that Defendant "was unreasonable in its investigation and evaluation of Plaintiff's claims." *See* Petition [Doc. No. 1-3], ¶¶ 5, 9.

Defendant presents in its Motion undisputed facts showing the prompt action taken by its adjuster to investigate the incident and make a coverage decision based on the policy provisions and facts learned from the investigation. Plaintiff's only argument in opposition to summary judgment on her bad faith claim is that Defendant "improperly evaluated the results of the investigation" and failed to consider the doctrine of efficient proximate cause. *See* Pl.'s Rep. Br. [Doc. No. 15], p.12. Plaintiff thus presents no facts to suggest that

Defendant failed to conduct a reasonable investigation, as originally claimed. Plaintiff also does not point to any fact from which to infer that Defendant "did not have a reasonable good faith belief for withholding payment" under the policy. *See McCoy v. Oklahoma Farm Bureau Mut. Ins. Co.*, 841 P.2d 568, 572 (Okla. 1992). Therefore, the Court finds that Plaintiff has failed to demonstrate a genuine dispute of material fact regarding her bad faith claim, and that Defendant is entitled summary judgment on this claim.

## Conclusion

For these reasons, the Court finds that a genuine dispute of material facts precludes a judgment in Defendant's favor as a matter of law but that Defendant is entitled to summary judgment on the claim of insurer's bad faith.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment [Doc. No. 12] is GRANTED in part and DENIED in part, as set forth herein. The case shall proceed only on Plaintiff's breach of contract claim.

IT IS SO ORDERED this 20th day of April, 2015.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE